Nov. Term,<br>1836.<br><br>Le Clair<br>v.<br>Peterson.

---

## Le Clair, Assignee, *v.* Peterson.

Debt on a promissory note for 50 dollars, brought by the assignee of the payee against the maker. The defendant offered in evidence, under the general issue, a deposition stating that the note was given to the payee in payment of a horse which belonged to the witness and the payee,—that the payee afterwards agreed that the witness should receive from the defendant one half the amount of the note,—and that the witness did receive from the defendant 25 dollars in part payment of the note. *Held*, that an objection to the deposition on the ground that the witness was interested, could not be sustained.

ERROR to the *Tippecanoe* Circuit Court.

BLACKFORD, J.—This was an action of debt commenced before a justice of the peace, and founded on a note executed by the defendant to one *Patton*, the plaintiff's assignor, for 50 dollars payable in goods. Judgment by the justice for the defendant. The plaintiff appealed to the Circuit Court, and recovered a judgment for a small part of his demand. The plaintiff below is the plaintiff in error.

The only question necessary to be noticed in this case, relates to the admissibility of a deposition which was introduced in evidence by the defendant. This deposition states, that the

Friday,<br>March 24,<br>1837.

Nov. Term,
1836.

LE CLAIR
v.
PETERSON.

note was given to *Patton* in payment for a horse which belonged to the witness and *Patton;* that *Patton* afterwards agreed that the witness should receive from the defendant one-half the amount of the note; and that the witness did receive from the defendant 25 dollars in property in part payment of the note. The deposition was objected to on the ground that the witness was interested, but the objection was overruled.

This deposition was properly admitted. If the witness has no right to the amount received by him, he will be liable for it to the plaintiff or to *Patton*, should the plaintiff fail in this suit; and should the plaintiff succeed, the witness will be liable for the same amount to the defendant. The witness, therefore, stands indifferent between these parties. He has no interest in the event of the suit, nor can the verdict be given in evidence for or against him in any subsequent suit in which he may be a party. This decision is founded on the cases of *Ilderton* v. *Atkinson*, 7 T. Rep. 476, and *Larbalestier* v. *Clark*, 1 Barn. & Adol. 899. The case of *Buckland* v. *Tankard*, 5 T. Rep. 578, looks the other way, but that case is substantially overruled by the subsequent authorities.

It may be said, that the establishment of the validity of the payment would, by defeating the action, free the witness from a liability for the costs of that action, for which he would otherwise be liable to the defendant; but for which he could in no event be accountable to the plaintiff. The truth is, however, that the establishing of the payment would not defeat the plaintiff's suit, for any thing known to the Court when the objection to the deposition was made. The note was before the Court. The amount of it was 50 dollars. There were payments endorsed on it, as received by *Patton*, amounting to 19 dollars. The presumption therefore was, that though the payment of 25 dollars to the witness were allowed, there was still a balance due for which the plaintiff would have judgment together with costs. If then the law in these cases is, of which however we give no opinion, that a preponderating interest to defeat the action is given to a witness, when he is liable to the defendant for the costs which the plaintiff, by avoiding the payment to the witness, would necessarily recover of the defendant, that law does not apply to this case.

There is another reason why that law, if it be as above supposed, does not apply here. There was no proof before the

Court, that the witness had obtained the payment by fraud. His deposition only says, that he was entitled to one-half the amount of the note, and that he received it of the defendant; but it does not state, nor does the record show, what represen- tations, if any, were made by the witness when he received the payment. The Court could not presume, in the absence of proof, that the witness had obtained the payment by fraud; and if it were not so obtained, he could not be liable to the defendant for the costs in question. *Larbalestier* v. *Clark*, above cited.

*Per Curiam.*—The judgment is affirmed with 5 *per cent.* damages and costs. To be certified, &c.

*A. S. White* and *R. A. Lockwood*, for the plaintiff.
*J. Pettit*, for the defendant.